UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

    -v-                                                     No.  20 CR 122-LTS

WILLIAM JIMENEZ,

        Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

Defendant William Jimenez ("Mr. Jimenez" or the "Defendant") moves to suppress identification evidence or, in the alternative, hold an evidentiary hearing pursuant to U.S. v. Wade.[1] (Docket Entry Nos. 27 and 29.)  The Court has reviewed the submissions of the parties thoroughly,[2] and, for the following reasons, denies the motion in its entirety.

The indictment in this case charges Mr. Jimenez with possession of ammunition as a felon in violation of 18 U.S.C. section 922(g)(1) and 2, brandishing and use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. sections 924(c)(1)(A)(i), (ii), (iii), and 2, and three counts of distribution and possession with intent to distribute of mixtures and substances containing heroin and fentanyl in violation of 21 U.S.C. sections 812, 841(a)(1), and 841(b)(1)(C).  (Docket Entry No. 5.)[3]  These charges arise from

---

[1] See U.S. v. Wade, 388 U.S. 218, 242 (1967) (authorizing district courts to hold evidentiary hearings to determine whether pretrial identification procedures improperly tainted eyewitness identifications).
[2] The Court has considered Docket Entry Numbers 27, 28, 29, 32, and 33.  Mr. Jimenez did not submit a reply memorandum.
[3] The facts cited herein are drawn from the evidentiary proffers of Mr. Jimenez and the Government.  (Docket Entry Numbers 28, 29, and 33.)

narcotics transactions that took place on January 7, 14, and 22, 2020, and an incident that occurred in the Bronx, New York, in which one person ("the witness") was shot on January 22, 2020.  (Docket Entry Nos. 5, 28, and 33.)  The witness drove himself to a local hospital and was treated for a non-life-threatening gunshot wound to his leg.  (Docket Entry No. 33, Exh. 2.)  Later that afternoon, Officer Santos of the New York City Police Department (the "NYPD") interviewed the witness in the hospital emergency room.  (Docket Entry No. 29, Exh. D.)  According to NYPD records, the witness stated that the shooter was a man he knew as "Flip," and that he had "been buying weed from Flip and [has] know[n] him since September 2019." (Id.)  The witness further stated that, moments before the shooting, he and Flip "had some words about another argument that they had a couple weeks [earlier] about the quality of the weed that he bought from Flip."  (Id.)  Officer Santos then contacted Officer Gargano of the NYPD to obtain a picture of Mr. Jimenez, who was a target of Officer Gargano's narcotics investigation and was known to use the alias "Flip."  (Docket Entry No. 33, Exh. 2.)  Officer Santos then showed the witness the picture of Mr. Jimenez, and the witness wrote on the photo "I know him as flip[.]  He shot me."  (Docket Entry No. 29, Exh. E.)

The Due Process Clause of the Fifth Amendment requires that a criminal trial proceed consistent with "fundamental fairness."  Raheem v. Kelly, 257 F.3d 122, 133 (2d Cir. 2001).  Fundamental fairness requires that any identification testimony offered by the prosecution be reliable.  Id.  To determine the reliability and admissibility of identification testimony, courts undertake a two-part inquiry.  First, the court determines whether the identification procedure unduly and unnecessarily suggested that the defendant was the perpetrator.  Id.  If the identification procedure was unduly and unnecessarily suggestive, the court then determines "whether the identification was nonetheless independently reliable."  Id.

Thus, identification evidence is admissible where (1) the identification procedures were not suggestive, or (2) the identification is independently reliable. Id.  However, a "pre-trial hearing on the reliability of identification evidence is not required." U.S. v. Archibald, 734 F.2d 938, 940 (2d Cir. 1984).  A defendant is only entitled to such a hearing if he makes a "sufficient pre-trial showing of impropriety." U.S. v. Salomon-Mendez, 992 F. Supp. 2d 340, 342 (S.D.N.Y. 2014).  Thus, to be entitled to an evidentiary hearing, Mr. Jimenez must make a threshold showing that the identification procedure here was improperly suggestive.

The Second Circuit has "consistently condemned the exhibition of a single photograph as a suggestive practice, and where no extenuating circumstances justify the procedure, as an unnecessarily suggestive one." Wiggins v. Greiner, 132 Fed. App'x 861, 865 (2d Cir. 2005) (quoting Mysholowsky v. People, 535 F.2d 194, 197 (2d Cir. 1976)); see also U.S. v. Reed, No. 11-CR-487 (RJS), 2012 WL 2053758, at *5 (S.D.N.Y. June 6, 2012), aff'd, 756 F.3d 184 (2d Cir. 2014).  However, courts in this circuit have held that identification procedures consisting of the display of a single photograph to a witness who states that the witness already knows the perpetrator, in order to confirm the perpetrator's identity, are not unduly suggestive. See, e.g., U.S. v. Hardy, No. 10-CR-1123 (JSR), 2011 WL 7782582 (S.D.N.Y. Jan. 25, 2011) ("the Government's procedure . . . was not unduly suggestive. Displaying a confirmatory photograph of a person the witness has indicated that he already knows is perfectly acceptable").

Here, the parties have proffered sufficient evidence for the Court to conclude that the identification procedure in this case was a confirmatory identification.  The police reports demonstrate that the witness indicated he recognized the shooter as a man he identified by an alias, whom he had known for approximately four months, from whom he had been purchasing marijuana, and with whom he had an argument about the quality of that marijuana that began

weeks earlier and continued with the shooter just before the shooting.  (Docket Entry Nos. 29 and 33.)  The record demonstrates that the single photo of "Flip" was displayed to the witness in order to determine whether he was referring to the Defendant.[4]  See U.S. v. Ramos-Cruz, No. 11-CR-151 (KS), 2014 WL 9931353, at *2 (W.D.N.Y. July 15, 2014) (denying a motion to suppress where the identification procedure of a single photo was confirmatory, finding the witness had previously purchased heroin from the defendant and facilitated defendant's narcotics sales to other dealers).  Because the witness here indicated that he knew the shooter, the confirmatory identification procedure was not unduly and unnecessarily suggestive.  Raheem, 257 F.3d at 133.  Accordingly, Mr. Jimenez has not made a sufficient showing that the identification procedure was improper and therefore cannot show that the use of the witness's identification at trial would violate fundamental fairness.

For the foregoing reasons, the Mr. Jimenez's motion to suppress identification evidence or for an evidentiary hearing is denied in its entirety.

Docket Entry Number 27 is resolved.  The next pretrial conference in this case is scheduled to be held remotely on December 14, 2020.

SO ORDERED.

Dated: New York, New York
December 8, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[4]  The defense argues that law enforcement officers did not have "reliable information to conclude that 'Flip' was William Jimenez, before showing [the witness] a single photograph of Mr. Jimenez." (Docket Entry No. 29, at 6.)  However, it is the reliability of the witness's identification of the man in the photo as the "Flip" he said he knew, and not the reliability of the officers' belief, that is relevant to the Court's inquiry.